# 18-2821

## United States Court of Appeals for the Second Circuit

MOUSSA DIARRA,

*Plaintiff-Appellant,*

*against*

CITY OF NEW YORK,

*Defendant-Appellee.*

On Appeal from the United States District Court for the Southern District of New York

**APPELLEE'S OPPOSITION TO APPELLANT'S EMERGENCY MOTION FOR SANCTIONS**

                                    ZACHARY W. CARTER
                                    *Corporation Counsel*
                                    *of the City of New York*
                                    Attorney for Appellee
                                    100 Church Street
                                    New York, New York 10007
                                    212-356-2490 or -2500

RICHARD DEARING                          jdavies@law.nyc.gov
JAMISON DAVIES
   *of Counsel*

February 5, 2019

## PRELIMINARY STATEMENT

Plaintiff Moussa Diarra accuses the City of misrepresenting a material fact to this Court by noting that language appearing in quotation marks in Diarra's opening brief was not a quotation from the cited deposition. Diarra does not contend that the quoted words appear in the deposition. Instead, he argues that the City has mischaracterized the inference he believes should be drawn from the witness's testimony. Not content with making his argument in his reply brief, he brings this emergency motion to strike the City's brief and sanction the City's attorneys, contending that the City's accurate recitation of the record amounts to submitting "false evidence" to this Court.

Diarra has come nowhere near meeting the high bar for the imposition of sanctions. To impose sanctions, the Court must find that the City made a baseless claim in bad faith. And courts consistently caution that sanctions should only be entered in rare circumstances, to avoid chilling vigorous advocacy. Here, the City's claim was correct, which should be the end of the matter, but it was also made in good faith, and Diarra points to nothing in the record that suggests otherwise. His motion should be denied.

1

## ARGUMENT

Diarra seeks sanctions against the City pursuant to this Court's inherent power and 28 U.S.C. § 1927.[1] Sanctions under either § 1927 or the Court's inherent power are proper only where a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Agee v. Paramount Communs.,* 114 F.3d 395 (2d Cir. 1997) (quotation marks omitted). Both require a showing that the "offending party's claims were entirely without color" and that the claims were "brought in bad faith." *Eisemann v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000).[2] Courts construe § 1927 "narrowly and with great caution, so as not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." *Mone v. Comm'r of Internal Revenue*, 774 F.2d 570, 574 (2d Cir. 1985) (quotation marks omitted). Likewise, the Court should exercise its inherent power to sanction only "with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

---

[1] Diarra also mentions Federal Rule of Civil Procedure 11 in passing (*see, e.g.*, Appellant's Emergency Motion for Sanctions 2, 6). Rule 11 does not apply to appellate proceedings. *Caldwell v. Pesce*, 639 Fed. App'x 38, 39 (2d Cir. 2016).

[2] In practice, the "only meaningful difference" between sanctions pursuant to § 1927 and inherent-authority sanctions is whether the client or only the attorney may be liable for any award. *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986).

Diarra has met neither element of this stringent test. Far from being baseless, the City's argument in its brief was accurate and supported by the record. And, for that same reason, Diarra can point to nothing to suggest that the City's argument was made in bad faith. Diarra also raises several additional arguments in his motion that are, at most, legal arguments going to the merits of the appeal, and which provide no basis for sanctions.

Diarra has also made no showing of an emergency justifying expedited relief, as the Court has already indicated by referring Diarra's motion to the merits panel. ECF No. 73.

### A. The City's characterization of the deposition transcript was accurate and made in good faith.

The relevant facts are as follows. Diarra, in his opening brief, argued that Detective "Skorzewski testified under penalty of perjury that an 'unwritten policy' to arrest exists when domestic relations arise," citing to a specific page and lines of Detective Skorzewski's deposition (Opening Brief for Appellant ("App. Br.") 22). The City noted, in a footnote, that the language appearing in the quotation marks, "unwritten policy," does not appear in the deposition transcript (Brief

3

for Appellee ("City Br.") 11 n.1). Diarra does not dispute that, nor can he. The words "unwritten policy" do not appear in the transcript (*see* Joint Appendix ("A") 80–89). Indeed, the word "unwritten" does not even appear in the index to the deposition transcript (Appellant's Motion for Sanctions ("Sanctions Mot.") Ex. A, at B000017). The City's only purpose was to point out—correctly—that the deposition did not contain the quoted language.

In his motion, Diarra now contends that the deposition "does *refer*" to an unwritten policy, outlining the testimony he contends establishes the alleged policy. (Sanctions Mot. 5 (emphasis in original)). He argues that because the testimony supports his inference as to the City's alleged unwritten policy, the City's argument amounts to "false evidence" (Sanctions Mot. 7, 8).[3] But the City was correct in pointing out that the words appearing in quotes did not appear in the deposition. While Diarra and the City certainly disagree about the import of Detective Skorzewski's testimony, the disagreement is a legal dispute

---

[3] Diarra also contends, without support, that the City "doctored" the deposition (Sanctions Mot. 8), suggesting that the City somehow altered the transcript. This argument is entirely baseless; the City merely cited to the appendix, which Diarra prepared and submitted.

4

that will be resolved when the case is considered on the merits. It does not follow from Diarra's disagreement about the inference to be drawn from the testimony that the City submitted "false evidence" by pointing out what was in the record.

Diarra has therefore not made a sufficient showing under either prong of the relevant test. He cannot show that the City's argument is not colorable, because the City was correct in arguing that the language in quotation marks was not a quotation from the transcript—again, Diarra does not even contend that it was. And he certainly cannot show the City acted in bad faith, which must be supported by "clear evidence." *Oliveri*, 803 F.2d at 1272 (quotation marks omitted).

Nothing Diarra cites in his motion supports his request for sanctions, either. He relies on two inapposite cases to argue that the City should be sanctioned (Sanctions Mot. 7). The first, *Schutz v. Kagan Lubic Lepper Finkelstein & Gold, LLP*, does not involve sanctions at all, but rather the standard for bringing a civil claim against an attorney under Judiciary Law § 487. 2013 U.S. Dist. LEXIS 93762, at *33 (S.D.N.Y. July 2, 2013). And even there the court notes that "one arguable misrepresentation" is insufficient to state a claim under

5

Judiciary Law § 487. *Id.* The second, *In re Peters*, is an appeal from an attorney disciplinary proceeding and does not involve a sanctions motion either. 642 F.3d 381, 383 (2d Cir. 2011). There, the attorney engaged in undisputedly significant misconduct by ordering a junior attorney to deface deposition transcripts and by violating a court's confidentiality order. *Id.* The only issue on appeal was whether the failure to hold a full evidentiary hearing violated the attorney's due-process rights. *Id.* at 385. Neither case has any bearing on this motion.

In sum, the City's recitation of the record was accurate and any dispute about the inference to be drawn from the record should be resolved in the normal course of deciding the appeal, not by collateral litigation over a sanctions motion. Diarra cannot show either that the City's argument regarding Detective Skorzewski's testimony was baseless or that it was made in bad faith.

**B. Diarra's additional arguments are meritless.**

Diarra also raises additional scattershot objections to the City's brief. First, he argues that the City has altered its litigation position and it should be sanctioned for doing so (Sanctions Mot. 9). Not so. The City has consistently claimed, both in the district court and on appeal,

6

that Diarra has failed to articulate an unconstitutional policy sufficient to satisfy the pleading requirement outlined in *Monell* (*compare* City Br. 10 ("Diarra has made no showing that his arrest and alleged constitutional deprivations are the result of a policy or practice implemented by the City") *with* Memorandum of Law in Support of Summary Judgment, S.D.N.Y. ECF No. 180 at 3 ("Plaintiff has established no evidence in the record to support a custom or policy.")).

The City has also argued that, at most, the evidence shows that it implemented a constitutionally sound policy of arresting suspects based on probable cause, notwithstanding that Detective Skorzewski was not a City policymaker (*see* City Br. 11). That is in no way inconsistent with the City's argument that Diarra has not sufficiently alleged an *unconstitutional* City policy or practice. Diarra also makes no showing that the City's litigation position was not colorable—indeed, it was successful in the district court—or was somehow made in bad faith. At best, this is a legal argument that Diarra has waived, not an argument in support of sanctions.

Second, Diarra argues that Detective Skorzewski's testimony was somehow the result of "duress" imposed on him during a deposition

7

break (Sanctions Mot. 10). Nothing in the record supports the allegation that the testimony was procured as the result of duress, and it is not even clear what duress Diarra contends a City lawyer could have imposed on Detective Skorzewski during a four-minute deposition break. Diarra also did not avail himself of the opportunity to re-cross Detective Skorzewski about the clarification of his answer during the deposition (*see* A89). Moreover, there is nothing remotely sanctionable about reciting the deposition testimony in the City's appellate brief.

Finally, Diarra argues that the inclusion of New York City's Corporation Counsel, Zachary Carter, on the cover the brief is somehow sanctionable (Sanctions Mot. 11–12). The City includes the information of its counsel of record on the briefs, as required by the Rules. *See* Fed. R. App. P. 32(a)(2)(F). Nothing in the rules indicates the City cannot also identify its chief legal officer. The City routinely identifies its Corporation Counsel on the cover of its briefs, just as, for example, the United States identifies the Attorney General or the United States Attorney for the relevant district, and the state of New York identifies its Attorney General.

8

## C. Diarra has not shown any emergency justifying expedited consideration of his motion.

Diarra has failed to establish an emergency justifying expedited consideration of this motion. This Court's rules explain that a motion seeking emergency relief must "state the nature of the emergency and the harm that the movant will suffer if the motion is not granted." Second Circuit L. Rule 27.1(d)(3). The Court has already referred this motion to the merits panel, ECF No. 73, and the City agrees that the motion should be resolved by the merits panel in the normal course.

## ORAL ARGUMENT STATEMENT

The City does not believe separate oral argument on this motion is necessary. *See* Fed. R. App. P. 27(e) (noting that motions are decided without oral argument unless otherwise ordered).

## CONCLUSION

The appellant's motion should be denied.

Dated: New York, NY
February 5, 2019

                      Respectfully submitted,

                      ZACHARY W. CARTER
                      *Corporation Counsel*
                      *of the City of New York*
                      Attorney for Appellee

                By: */s/ Jamison Davies*
                      _____

                      JAMISON DAVIES
                      Assistant Corporation Counsel

                      100 Church Street
                      New York, NY 10007
                      212-356-2490
                      jdavies@law.nyc.gov

RICHARD DEARING
JAMISON DAVIES
   *of Counsel*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief was prepared using Microsoft Word 2010, and according to that software, it contains 1,710 words, not including this certificate and the cover.

*/s/ Jamison Davies*
_____
JAMISON DAVIES