# 18-2821

### United States Court of Appeals
### for the Second Circuit

MOUSSA DIARRA,

*Plaintiff-Appellant*,

against

CITY OF NEW YORK,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Southern District of New York

**APPELLEE'S OPPOSITION TO APPELLANT'S MOTION TO UNSEAL**

ZACHARY W. CARTER
*Corporation Counsel*
*of the City of New York*
Attorney for Appellee
100 Church Street
New York, New York 10007
212-356-2490 or -2500
jdavies@law.nyc.gov

RICHARD DEARING
JAMISON DAVIES
   *of Counsel*

June 7, 2019

## INTRODUCTION

Plaintiff Moussa Diarra moves for an unusual order, with no basis in the law or rules, asking this Court to unseal part of the record containing a sensitive photograph of a nonparty to this case for unspecified "news media" to view *in camera* and purporting to thereafter limit the media's "reproduction or publication rights" (Plaintiff's Motion to Unseal ("Mot.") 4). Diarra himself originally filed the photo under seal, noting the "grave private nature" of the photo and the potential harm to the complainant's privacy (Mot. Ex. 1, at 2). He offers no reason for the reversal of his position other than speculation that the press may have an interest in reporting on the photo, though no member of the press has yet sought to view any sealed record.

The photo was properly sealed to preserve the privacy interests of a nonparty, and it should remain sealed. If members of the press have an interest in unsealing the record, they are perfectly capable of intervening on their own behalf making that request. Indeed, Diarra presents nothing to show that any member of the press would even take advantage of his proposed limited-basis, *in camera*, no-publication-right review. The motion should be denied.

## ARGUMENT

At the outset, the considerations that justified sealing the photo have not changed. The photo depicts a medical examination of the genitals of a victim of an alleged sexual assault who is not a party to this case.[1] The privacy interests "of innocent third parties should weigh heavily" in considering whether a record should be unsealed. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (quotation marks and alteration omitted). The privacy interests of victims of sex offenses are particularly acute, such that New York law provides that no "photograph … which identifies such a victim shall be made available for public inspection." N.Y. Civil Rights Law § 50-b(1); *see also Amodeo*, 71 F.3d. at 1051 (noting that the court should consider "the sensitivity of the information and the subject"). Diarra has presented nothing to overcome these critical privacy considerations other than generic citations to cases about the presumption of public access to court records (Mot. 1, 4). But the protection of the privacy interests of third

---

[1] Diarra also seeks to unseal a pornographic photo taken from the internet (A214), which he filed on the docket for, in his words, "comparative reasons" (Mot. Ex. 1, at 2). If members of the press wish to journey to the courthouse to view publicly available internet pornography, the City has no objection to unsealing that photo.

parties is a "venerable common law exception to the presumption of access." *Amodeo*, 71 F.3d at 1050.

And those are precisely the considerations that Diarra pointed to when filing the photo under seal in the first place. Though he now claims that the reason the photo was sealed in the district court was "public decency" (Mot. 5), the actual basis for sealing was the victim's privacy. As Diarra himself explained in his initial sealing request, the photo is of "a grave private nature" and its publication "would tend to have the effect of embarrassing" the woman depicted (Mot. Ex. 1, at 2). He points to no change in circumstance that renders those interests any less important now than they were at the time of his initial filing.

Moreover, the relief Diarra seeks may be academic, as he has not shown that any news organization actually intends to view the photo *in camera* and report on it. If the news media, or anyone else, has an interest in the unsealing of a record they can, and often do, intervene to advance that interest. *See, e.g.*, *United States v. Erie Cnty.*, 763 F.3d 235, 238 (2d Cir. 2014) (NYCLU moved to intervene to unseal certain compliance reports); *Newsday, LLC v. Cnty. of Nassau*, 730 F.3d 156, 160 (2d Cir. 2013) (group of "press intervenors" granted leave to

3

intervene for the purpose of "moving to unseal" certain motion papers). Diarra presents no reason that the members of the press couldn't act on their own behalf, if they believed their interest to be implicated, and no reason that he should be deputized to act on their behalf instead. Absent some indication that the procedure would be followed by someone, the Court can reject the unsealing request out of hand.

Finally, the order Diarra proposes would invite additional, unnecessary difficulties. Nothing in the law or rules provides for *in camera* review by the press of a record with no "reproduction or publication rights" (Mot. 4). Records are either sealed or public; *in camera* review is for *judges*, generally to evaluate privilege claims. *See, e.g.*, *In re The City of New York*, 607 F.3d 923, 948–49 (2d Cir. 2010) (explaining that to "assess the applicability of the privilege" a court may require a party to "submit the documents for *in camera* review"). Diarra's proposed limitation on the press's publication rights—which is notably not present in his proposed order (Mot. 8)—would also unnecessarily run headlong into the very prior restraint cases he cites in support of his motion (*see* Mot. 6 (collecting cases). This Court should not, and need not, fashion such a convoluted procedure for review, given

4

that the press has not expressed any interest in viewing the sealed material and that the privacy interests of the nonparty victim amply justify keeping the photo under seal.

## CONCLUSION

The appellant's motion should be denied.

Dated:   New York, NY
         June 7, 2019

                                        Respectfully submitted,

                                        ZACHARY W. CARTER
                                        *Corporation Counsel*
                                        *of the City of New York*
                                        Attorney for Appellee

                        By:  */s/ Jamison Davies*
                              _____
                              JAMISON DAVIES
                              Assistant Corporation Counsel

                              100 Church Street
                              New York, NY 10007
                              212-356-2490
                              jdavies@law.nyc.gov

RICHARD DEARING
JAMISON DAVIES
   *of Counsel*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief was prepared using Microsoft Word 2010, and according to that software, it contains 851 words, not including this certificate and the cover.

*/s/ Jamison Davies*
---
JAMISON DAVIES